## McCORMICK v. HARTMAN.

1. APPEAL AND ERROR—MOTION TO DISMISS—PLEADING.

Allegations in bill of complaint must be accepted as true in reviewing dismissal of the bill on defendant's motion to dismiss because matter sought to be adjudicated was *res judicata,* because of failure to state any ground for equitable relief and adequacy of remedy at law, if any.

2. JUDGMENT—RES JUDICATA—PROFITS—UNEARNED INTEREST.

Judgment in favor of plaintiff truck salesman in his previous action at law against defendant distributor for share of net profit in sale of trucks was not *res judicata* of his claim herein against such defendant distributor, the finance company and the manufacturer for share of unearned interest deducted by distributor before computing plaintiff's share of profit, which accrued upon prepayment of some unpaid instalments to finance company after judgment in previous action, since plaintiff's claim was in the nature of a contingent claim prior to the prepayment.

3. SAME—RES JUDICATA—MATTER IN ISSUE.

To apply the rule of *res judicata* there must be identity of the matter in issue, that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.

4. SAME—RES JUDICATA.

Judgments are *res judicata* only as to matters in issue or that could have been put into issue in the former action.

5. EQUITY—JURISDICTION—BILL FOR DISCOVERY—ACCOUNTING—INJUNCTION.

Truck salesman's suit to recover portion of unearned interest previously advanced manufacturer by distributor in order to effect a sale, which accrued upon customer's prepayment of chattel mortgage to finance company before maturity, was

Identity of matter at issue, see Restatement, Judgments, § 68, comment d.

properly brought in equity where circumstances were such that notwithstanding his previous efforts he was unable to ascertain whether defendant distributor, manufacturer or finance company had possession of the alleged item of unearned interest, the bill being one in the nature of bill for discovery, and possibly one for an accounting, and, in view of attempt to prevent payment by manufacturer or finance company to distributor, also one for injunctive relief.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 6, 1943. (Docket No. 44, Calendar No. 42,366.) Decided September 7, 1943.

Bill by William A. McCormick against William L. Hartman, doing business as the White Truck Sales & Service, C. I. T. Corporation, and the White Motor Company, foreign corporations, to obtain one half of the unearned interest in fund deposited by defendant Hartman. Bill dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*Carmody, Geib & Walsh*, for plaintiff.

*Clifford A. Mitts, Jr.*, for defendant Hartman.

North, J. This is an appeal by plaintiff from a decretal order of the trial judge dismissing plaintiff's bill of complaint as to defendant William L. Hartman, doing business as the White Truck Sales & Service. Appellee's motion to dismiss was based upon two grounds: (1) that plaintiff's claim asserted in the instant suit was adjudicated in a suit at law brought against appellee by plaintiff herein, and in which suit plaintiff had judgment; and (2) that the bill of complaint filed in the instant case does not set forth any ground for giving equitable relief; and further discloses that if plaintiff has any claim against this defendant, it arises out of con-

tract and the law court will afford plaintiff adequate relief.

In determining whether dismissal of plaintiff's bill of complaint as against the appellee was proper, we must accept the allegations contained in the bill as true. Plaintiff therein alleges in substance that about January 1, 1941, he entered into an agreement with William L. Hartman, hereinafter called defendant, that plaintiff was to act as a salesman of trucks manufactured by the White Motor Company for which defendant was the distributor in the Grand Rapids territory; and that plaintiff for his services was to receive the net profits on trucks sold by him, but as to a transaction referred to as the Metzger sale the net profit was to be divided equally between plaintiff and defendant. The former suit at law was brought for the purpose of adjudicating the amount of defendant's indebtedness, if any, to plaintiff arising from the above-noted agreement; and one of the items involved was the amount of commission plaintiff was entitled to receive as the result of the Metzger sale, which was a sale of 10 trucks to Metzger, Inc., a Michigan corporation. In the opinion filed in the suit at law the trial court found as follows concerning this item:

"The two parties (McCormick and Hartman) working together sold a fleet of 10 trucks to Metzger, Inc., and after the deal had been consummated sat down and figured their total profit at $3,556, and agreed that plaintiff should have one half, or $1,778. After re-examination of the testimony, I am satisfied that this is the amount with which plaintiff should be credited on this sale."

However, it is further alleged in the bill of complaint herein that in closing the Metzger deal, which had to be financed in part through a finance company, Metzger, Inc., refused to pay interest at a

greater rate than six per cent. as was required by
the financing company, the C. I. T. Corporation.
Thereupon defendant herein agreed to pay or be-
come responsible to the White Motor Company and
informed plaintiff herein that he had forwarded his
check to that company for $1,839.92, which was the
amount necessary to cover the difference between
the interest required by the finance company and
the amount which would have been required if com-
puted at six per cent. simple interest. As a part of
the transaction, Metzger, Inc., gave a chattel mort-
gage on the purchased trucks to defendant herein;
the White Motor Company became a guarantor for
the payment of the mortgage note, which together
with the mortgage was in turn assigned to the C. I.
T. Corporation. This chattel mortgage was payable
in equal monthly amounts of $1,416.67, the first
monthly payment being due September 15, 1941, and
the monthly payments were to continue for two
years thereafter.

The bill of complaint further alleges that Metzger,
Inc., instead of taking advantage of the full term
of credit, earlier paid its obligation in full. Such
payment is alleged by plaintiff herein on informa-
tion and belief to have been completed on or about
August 15, 1942. It is alleged in the bill that prior
to the date just above noted, plaintiff made an ef-
fort to learn from defendant herein, from the White
Motor Company, and from the C. I. T. Corporation
the facts concerning the payment by Metzger, Inc.,
of its chattel mortgage prior to the maturity date
thereof, but that plaintiff was unable to obtain the
desired information or to determine which of the
above-named parties possessed the $1,839.92 which
defendant herein claimed to have advanced in clos-
ing the truck deal with Metzger, Inc.

Plaintiff's theory of right to recover is that the
prepayment by Metzger, Inc., of its chattel mort-

gage obligation resulted in there having been paid in advance as unearned interest a proportionate share of the item of $1,839.92; and that this amount was deducted from the commission incident to the Metzger sale in the adjustment of plaintiff's claim for commission on that sale in the settlement, so-called, which the trial judge, as hereinbefore noted, found in the suit at law had been made between plaintiff and defendant herein. But judgment in the suit at law was entered July 15, 1942, which was prior to the date, as alleged by plaintiff in the instant case, on which Metzger, Inc., paid its chattel mortgage obligation in full. In consequence plaintiff now claims he is entitled to be paid one-half of that portion of the amount deducted from the profits on the Metzger sale which he asserts has now become unearned interest; and plaintiff asserts his right to such payment against whichever of defendants can be shown to possess the unearned interest money. Plaintiff alleges that he and defendant herein did not take into account, in adjusting division of profits incident to the Metzger sale, the possibility of a portion of the interest item deducted ultimately becoming unearned by reason of payment in advance of the final maturity date of the Metzger chattel mortgage.

From the foregoing it appears that the claim which plaintiff now asserts against defendant was in the nature of a contingent claim. It was not an obligation which he had any right to enforce prior to the date of payment in full of the Metzger, Inc., chattel mortgage, on or about August 15, 1942. And so it was not a claim which he could have asserted in the former suit at law between these same parties wherein judgment was entered July 15, 1942. Under the circumstances, appellee's contention that the controversial issue in the instant case was adjudicated in the suit at law, at least so far as appears

from the face of the bill of complaint or from any other showing made before the court incident to defendant's motion to dismiss, is not tenable.

"The first essential of the rule of *res judicata* is the identity of the matter in issue. The 'matter in issue' is defined to be 'that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.'" *LeRoy* v. *Collins*, 165 Mich. 380.

"A judgment is not *res judicata* unless the identical matter in issue in the subsequent proceeding was determined by the former adjudication." *Creek* v. *Laski*, 248 Mich. 425, 430 (65 A. L. R. 1113).

"The general rule is that judgments are *res judicata* only as to matters in issue or that could have been put into issue in the law action." *Thompson* v. *Doore*, 269 Mich. 466.

From other allegations in the bill of complaint than those hereinbefore noted, it appears that plaintiff does not know which of the three defendants in the instant case has possession of the alleged item of unearned interest. This is true notwithstanding, as plaintiff alleged, he made an effort to ascertain this essential fact before filing the bill herein. Because of this phase of the case, we think the present bill of complaint should be considered as one somewhat in the nature of a bill for discovery formerly common in equity, and possibly one for an accounting. Further, plaintiff sought injunctive relief, both temporary and permanent, against The White Motor Company and the C. I. T. Corporation to prevent either from paying to defendant Hartman any refund of the unearned interest item. Under such circumstances, the suit was properly brought on the equity side of the court. We do not herein attempt to pass upon the merits of plaintiff's asserted right to recover against defendant; but we do hold that

the trial judge, notwithstanding he presided in the former suit at law and obviously had personal knowledge of the issues therein adjudicated, was in error under the circumstances of this record in granting appellee's motion to dismiss.

The trial court's decretal order from which this appeal was taken will be vacated and the case remanded to the trial court for further proceedings therein in accordance with the usual rules of practice and procedure. Appellant will have costs of this court.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.