## CURRY v CITY OF DETROIT

Docket No. 54806. Argued May 9, 1974 (Calendar No. 12).—Decided June 24, 1975.

Anthony Curry, a boy about ten years old, while participating in a recreational swimming program operated by the City of Detroit Department of Parks and Recreation, fell or was pushed into a swimming pool in water above his head and sustained injuries which led to his death about four months later. His father, Claude Curry, for himself and as administrator of the estate of Anthony, brought an action against the city, alleging that Anthony's injury and death were caused by inadequate and improper supervision of the pool by city employees. The Wayne Circuit Court, Benjamin D. Burdick, J., granted summary judgment for the city on the ground that the action was barred by statutory immunity. Plaintiff filed another complaint based on the same event against the city. The city moved for "summary judgment" on the grounds that the complaint failed to state a claim upon which relief could be granted and that the action was barred by res judicata. The Court of Appeals, Quinn, P. J., and McGregor and Bronson, JJ., denied application for delayed appeal in the first action (Docket No. 12483), and another panel, J. H. Gillis, P. J., and Bashara and O'Hara, JJ., affirmed in the second (Docket No. 12482). Plaintiff appeals from the decision in the second action. *Held:*

1. The decision of the Court of Appeals is affirmed on the basis that the summary judgment, denial of leave to appeal, and failure to appeal to the Supreme Court in the first suit bars the second.

2. No judgment is made as to the issue of governmental immunity.

49 Mich App 240; 211 NW2d 559 (1973) affirmed.

---

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error §§ 444, 498.

[2–5] 73 Am Jur 2d, Summary Judgment §§ 11, 40.

Court's power, on motion for summary judgment, to enter judgment against movant. 48 ALR2d 1188.

Raising res judicata by motion for summary judgment under Federal Rule 56 and similar state statutes or rules. 95 ALR2d 648.

1. APPEAL AND ERROR—RECORD ON APPEAL—SETTLED RECORD.

The ground for a motion as found in the actual record made in the trial court must control over an incorrect statement of the ground made in a "settled record" on appeal.

2. JUDGMENT—SUMMARY JUDGMENT—RES JUDICATA—NEGLIGENCE.

Summary judgment for defendant, denial of a delayed application for leave to appeal to the Court of Appeals, and failure to appeal to the Supreme Court in one action bars a second action where plaintiff claimed his son's injuries resulted from the negligence of a city, the trial court granted summary judgment for the city on the ground of statutory immunity in the first action, and after the first adverse summary judgment was filed, plaintiff filed another complaint against the same city regarding the same event.

3. JUDGMENT—RES JUDICATA.

The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

4. JUDGMENT—ISSUES OF LAW—RES JUDICATA—FINAL DECISION—APPEAL AND ERROR.

A summary judgment for a defendant city on the ground of statutory immunity in a negligence action, accepting the defendant's application of the immunity law, is a final decision where the Court of Appeals denied application for leave to appeal and no appeal was taken to the Supreme Court.

5. JUDGMENT—ISSUES OF LAW—RES JUDICATA.

A second action must fail where issues of law essential to its maintenance have been finally decided by a court of competent jurisdiction in a previous case.

*Goodman, Eden, Millender, Goodman & Bedrosian* and *Blum, Graber, Meklir, Pianin & Rosenberg, P. C. (Neal Bush,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, and *John E. Cross* and *Maureen P. Reilly,* Assistants Corporation Counsel, for defendant.

Amici Curiae:

*Elliott S. Hall,* for National Association for the Advancement of Colored People, Detroit Chapter.

*Lopatin, Miller, Bindes & Freedman* (by *Michael A. Gantz).*

*Aloysius J. Suchy,* Corporation Counsel, and *Adam P. Angelas* and *David J. Curran,* Assistants Corporation Counsel, for Wayne County.

M. S. COLEMAN, J. This constitutional test of governmental immunity arises from a summary judgment of the trial court which dismissed the cause as res judicata.
We affirm.

## I. *Facts*

In a complaint filed January 15, 1971, plaintiff claimed that his son's injuries resulted from the negligence of the city[1] from which he asks one million dollars. The city's motion for summary judgment was based on its claim of governmental immunity. The motion was granted on April 23, 1971. Plaintiff's application for delayed appeal was denied by the Court of Appeals on September 30, 1971. That case was never appealed to this Court and so became final.

However, after the first adverse summary judgment was filed, plaintiff filed another complaint regarding the same incident and the city, citing the April 23 order, asked for summary judgment

---

[1] His son was injured in an accident in a municipal swimming pool operated by the City of Detroit Department of Parks and Recreation. No fees or other charges were made to the users.

based on res judicata.[2] The motion was granted on August 6, 1971. Plaintiff proceeded to appeal the second summary judgment. See 49 Mich App 240; 211 NW2d 559 (1973).

The Court of Appeals, however, stated that the summary judgment was granted because "defendant is immune from liability" by virtue of MCLA 691.1407; MSA 3.996(107).[3] The opinion of the Court of Appeals is now challenged in this Court.

## II. *Court Rules*

GCR 1963, 117.2(1) permits a motion for summary judgment if "the opposing party has failed to state a claim upon which relief can be granted". GCR 1963, 117.3 provides that judgment shall be rendered "if the pleadings show that any party is entitled to judgment as a matter of law". Such was the case in plaintiff's first action.

When plaintiff filed the second complaint, defendant again moved for summary judgment. The plaintiff responded saying in part that "if the court sees fit to dismiss, that it does so on the

[2] In motion for summary judgment filed June 2, 1971, defendant set forth as argument:

"That the plaintiff's Complaint fails to state a claim upon which relief can be granted.

"That the matters alleged in the Plaintiff's Complaint were subject of previous litigation and a Motion for Summary Judgment of Dismissal of Cause was granted by the Court on April 23, 1971 and this action is barred by the doctrine of Res Judicata."

Motion was granted.

[3] The Court of Appeals may have been led astray by the "Settled Record" in which the facts surrounding the injury were set forth. Contrary to the plain wording of the motion, however, it additionally stated:

"That a motion for Summary Judgment was filed on behalf of the defendant stating that PA 1964 No 174, Section 7, as amended by Section 7 of PA No 155 of 1970, barred plaintiff's claim."

No matter what led to this version of a "settled record", we cannot change the record itself. The motion was not based solely upon the governmental immunity statute, but also upon res judicata.

grounds of its prior order". Although labeled a summary judgment, plaintiff's motion was for accelerated judgment as defined by GCR 1963, 116.1(5) permitting a judgment to "be entered dismissing one or more claims" because "the claim is barred because of * * * prior judgment".

Defendants claim that the summary judgment, denial of leave to appeal, and failure to appeal to this Court in the first suit bars the second. The Court of Appeals should be affirmed but on this basis.

## III. *Res Judicata*

In *Tucker v Rohrback,* 13 Mich 73 (1864), the Court said that "a judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits,[4] upon the same matter in issue,[5] and between the same parties or their privies".[6] Justice COOLEY wrote in *Jacobson v Miller,* 41 Mich 90 (1879):

"The general principles which must govern the case are familiar. There are two matters in respect to which an adjudication once made may be conclusive: *first,* the subject matter involved in the litigation; *second,* the point of fact or of law, or of both, which was necessarily adjudicated in determining the issue upon the subject matter in litigation."

The "subject matter involved in a litigation is the

---

[4] See *Bugg v Fairview Farms, Inc,* 385 Mich 338; 189 NW2d 291 (1971).

[5] See *Creek v Laski,* 248 Mich 425; 227 NW 817 (1929); *Dowhan v Dowhan,* 303 Mich 197; 6 NW2d 483 (1942); *McCormick v Hartman,* 306 Mich 346; 10 NW2d 910 (1943); *Turok v Dombrowski,* 341 Mich 562; 67 NW2d 798 (1954).

[6] See *Clark v Naufel,* 328 Mich 249; 43 NW2d 839 (1950); *Prawdzik v Heidema Brothers, Inc,* 352 Mich 102; 89 NW2d 523 (1958) and *Jordan v C A Roberts Co,* 379 Mich 235; 150 NW2d 792 (1967).

right which one party claims as against the other and demands the judgment of the court upon".

During the doctrine's development some cases held that "for *res judicata* to apply, the question must in fact have been litigated in the first proceeding". *Gursten v Kenney,* 375 Mich 330; 134 NW2d 764 (1965). That Court then stated:

"The correct rule is found in *Henderson v. Henderson,* 3 Hare 100, 115 (67 Eng Rep 313) [1843], and is quoted in Michigan decisions from *Harrington v. Huff & Mitchell Co.,* 155 Mich 139, 142 [118 NW 924 (1908)], to *Shank v. Castle,* 357 Mich 290, 295 [98 NW2d 579 (1959)]:

" ' "The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." ' "[7]

In plaintiff's first action, defendant, claiming statutory immunity, moved for summary judgment. In such motions the court assumes that plaintiff's factual allegations are true. The court accepted defendant's application of the immunity law and granted the motion. The Court of Appeals denied the application for leave to appeal. No appeal was taken to this Court. The decision is final. See *McCullagh v Goodyear Tire & Rubber Co,* 342 Mich 244; 69 NW2d 731 (1955).

---

[7] Justice COOLEY wrote in *Barker v Cleveland,* 19 Mich 230 (1869), that "it is immaterial whether the point was actually litigated in the first suit or not, if its determination was necessarily included in the judgment". *Thompson v Doore,* 269 Mich 466; 257 NW 864 (1934), said the "general rule is that judgments are *res judicata* only as to matters in issue or that could have been put into issue in the law action". *Also see Westin v Berrien Probate Judge,* 306 Mich 235; 10 NW2d 840 (1943), *Prawdzik v Heidema Brothers, Inc,* 352 Mich 102; 89 NW2d 523 (1958).

The second suit was between the same parties in the same position as plaintiff and defendant. The subject matter involved was the same. The legal point involved was the same.

If the double filing is allowed in this case, it follows that any possible "final" adverse ruling can be likewise circumvented. Several questions then call for answers. For instance, how long after the first adverse decision may one wait before filing another complaint and how many such complaints can be filed?

*Jones v Chambers,* 353 Mich 674; 91 NW2d 889 (1958) said where issues of law "have been finally decided by a court of competent jurisdiction in one legal action which are essential to the maintenance of another legal action, it is universally held that the second action must fail". Accordingly, this second action must fail.

We affirm the result of the Court of Appeals opinion but make no judgment as to governmental immunity.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred with M. S. COLEMAN, J.

SWAINSON and LINDEMER, JJ., took no part in the decision of this case.