**Richard F. KAUFMAN, Individually and as a Trustee of the Amstore Corporation Administrative Pension Plan, Sylvia Kaufman, Michael Kaufman, Robert Kaufman, Greg Kaufman, Andrew Kaufman, Bear Lake Partners, and the Kaufman Foundation Trust, Plaintiffs,**

v.

**BDO SEIDMAN and David Fles, Defendants.**

**No. 1:90–CV–446.**

United States District Court, W.D. Michigan, S.D.

Jan. 31, 1992.

---

Grant J. Gruel, Gruel, Mills, Nims & Pylman, Grand Rapids, Mich., for Richard F. Kaufman, et al., and Amstore Corp.

Jon R. Muth, Gordon J. Quist, Edward R. Post, Daniel P. Perk, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for David Fles and BDO Seidman.

## OPINION ON SUMMARY JUDGMENT

HILLMAN, Senior District Judge.

In this case, plaintiff Richard Kaufman alleges that his former accountant gave him false and misleading investment advice, resulting in substantial losses for Kaufman and the Kaufman family businesses. Kaufman's amended complaint charges that between 1983 and 1986, defendants BDO Seidman, Kaufman's accounting firm, and David Fles, a partner in the accounting firm, failed to disclose material information about investments which Seidman and Fles recommended. The complaint also charges that the accountants failed to disclose their lack of qualifications to give investment advice and breached their duties to the Kaufmans as fiduciaries. Plaintiffs allege that these actions by defendants violated federal securities laws, the RICO statute, and state laws against breach of fiduciary duty.

Before the court are two separate motions by defendants for summary judgment. Defendants' first motion seeks summary judgment because a jury in a state court case between the parties has already returned a verdict in favor of defendants. Defendants contend that this earlier judgment precludes relitigation of the same case in federal court. Defendants' second motion seeks summary judgment because of the statute of limitations, and because plaintiffs failed to prove essential elements of their securities and RICO claims. The parties fully briefed both motions and the court heard oral argument on January 28, 1992.

After reviewing the arguments of both parties, I conclude that all three counts of plaintiffs' amended complaint are barred under the doctrine of claim preclusion.

Since this ruling on preclusion renders plaintiff's second motion for summary judgment moot, I will discuss only plaintiffs' first summary judgment motion in this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves an investment scheme turned sour. As of 1983, defendant BDO Seidman had been the accounting firm for the Kaufman family and businesses for more than 25 years. In 1983, plaintiff Richard Kaufman anticipated substantial profits from his family's businesses and asked Seidman partner David Fles, also a defendant, to recommend an investment adviser. Fles recommended himself, allegedly telling the Kaufmans he was an experienced and competent investment advisor. From 1983 to approximately January, 1986,[1] plaintiffs invested over $4 million into 19 different investments based on Fles' advice. None of the 19 investments proved profitable, although defendants have argued that the Kaufmans subsequently received settlements or tax benefits on some of the investments.

On March 1, 1989, the Kaufmans filed suit against Seidman and Fles in Muskegon County Circuit Court, alleging negligent misrepresentation, professional malpractice and breach of contract. A two-week jury trial was held in September of 1990, after which the court rendered a judgment for defendants. At the close of plaintiffs' evidence, the court dismissed the claim of negligent misrepresentation as barred by the statute of limitations, and dismissed the breach of contract claim for failure to state a disputed issue. The professional malpractice count was submitted to the jury. The jury found that defendants were guilty of professional negligence, but that the professional negligence was not a proximate cause of plaintiff's injuries. Judgment of no cause of action was entered on

that count. This final judgment of the Muskegon County Circuit Court is now on appeal to the Michigan Court of Appeals.

Plaintiffs filed this action in federal court on May 22, 1990, during the pendency of discovery on their state court lawsuit and before the start of that trial. Plaintiffs claim that they delayed filing their federal lawsuit until then because the basis for their RICO and federal securities claims only became apparent as a result of discovery in the state court action.

## LEGAL ANALYSIS

### I. Summary Judgment

Summary judgment is appropriate only where the pleadings, discovery materials, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The crux of summary judgment is "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In ruling on summary judgment, the court should look beyond the pleadings to examine the record as a whole, drawing all justifiable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issues of material fact remain in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party meets this burden, the party opposing the motion must come forward with specific facts to show a genuine issue for trial. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *Kramer v. Bachan Aero-*

---

1. The date of the last investment made by the Kaufmans based on Fles' recommendations is not entirely clear. At his state court trial, Kaufman said his last investment with Fles was in 1985. In his deposition, Kaufman said the last investment was in January, 1986. There is no evidence before the court that Kaufman continued to invest based on Fles' advice after January, 1986. For purposes of this motion, the court concludes that the Kaufmans' last purchase based on a Fles recommendation occurred no later than January, 1986.

*space Corp.*, 912 F.2d 151, 153–54 (6th Cir. 1990). To sustain this burden, the non-movant cannot rest on the pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Rather, the non-movant must come forward with specific facts or affidavits to support its claims and show the existence of a genuine, material issue in dispute. *Id.*

## II. Preclusion

### A. *Standards for claim preclusion*

■ Whether a prior judgment of a Michigan state court has preclusive effect on a later federal court case is a question of Michigan state law. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985); *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658 (6th Cir.1990). For claim preclusion (also known as res judicata), Michigan courts generally require three prerequisites: (1) both actions involve the same parties or their privies; (2) the prior action resulted in a decision "on the merits;" and (3) the second action concerns "the same matter in issue" as the first action. *E.g. Curry v. Detroit*, 394 Mich. 327, 231 N.W.2d 57 (1975); *Rogers v. Colonial Federal Savings & Loan Ass'n*, 405 Mich. 607, 275 N.W.2d 499 (1979).

■ These three prerequisites have been met in the instant case. First, these actions involve the same parties. The parties in the federal lawsuit are identical to those in the state lawsuit, except that the federal lawsuit also names Richard Kaufman as a plaintiff on behalf of the Amstore Corporation Administrative Pension Plan.

Second, the judgment of the Muskegon County Circuit Court was a judgment on the merits. The Muskegon County Circuit Court issued its judgment at the end of plaintiffs' proofs in a two-week trial. While plaintiffs' claim of negligent misrepresentation was dismissed based on the statute of limitations, plaintiffs' other claims for professional malpractice and breach of contract were decided on their merits. Plaintiffs' malpractice claim was dismissed after a jury verdict of no cause of action. Plaintiffs' breach of contract claim was dismissed by the court as a matter of law for failure to state a disputed issue. Thus, the state court judgment clearly addressed the merits of plaintiffs' claims, including the claims raised now in this federal action.

Finally, plaintiffs' federal lawsuit involves the same matters in issue as the earlier state court action. Michigan courts have read this "same matter in issue" requirement broadly. In *Gose v. Monroe Auto Equipment Co.*, 409 Mich. 147, 160, 294 N.W.2d 165, 167 (1980), the Michigan Supreme Court stated:

> Our opinions have endorsed both a narrow and a broad application of the rule. Narrow application bars a second action only if the same question was actually litigated in the first proceeding. Broad application bars as well those claims arising out of the same transaction which plaintiff could have brought, but did not. In recent opinions, we have acknowledged the conflicting language and opted for the broad rule.

*See also Brownridge v. Michigan Mutual Ins. Co.*, 115 Mich.App. 745, 747, 321 N.W.2d 798, 799 (1982) (dismissal of federal sex discrimination claim precluded state court action because claim preclusion applies "to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.")

In the instant case, plaintiffs' state and federal claims arise from the same set of operative facts—the unprofitable investments made by the Kaufmans at the advice of Seidman and Fles.[2] They also involve the same legal issues—whether Seidman and Fles behaved improperly in giving the Kaufmans investment advice and in representing to the Kaufmans that the advice

---

**2.** In their brief, plaintiffs contend that new facts discovered during the pendency of the state court action justify this later federal action. I am unpersuaded that significant new facts were discovered. Plaintiffs were able to put these facts before the jury in the state court case, as noted in Defendant's Reply Brief on the Second Motion for Summary Judgment, pp. 4–5 n. 2.

was well-founded. Plaintiffs' federal lawsuit merely asserts different theories of liability than those asserted in state court. The state court suit charged malpractice, negligent misrepresentation, and breach of contract, while the federal suit charges securities fraud, RICO violations, and breach of fiduciary duty. In the context of the claims asserted, these different theories address the same matter in issue as plaintiffs' state court lawsuit.

Based on this standard, all three counts of plaintiffs' amended complaint are barred by principles of claim preclusion. The charges of securities fraud, RICO violations and breach of fiduciary duty raised in this federal lawsuit have been addressed before, on the merits, in the state court lawsuit. While the theories asserted in federal court are different, the federal claims arise out of the same transactions raised in the state court lawsuit and could have been raised at that time. Under the broad rule of claim preclusion provided by Michigan law, these claims should be dismissed.

B. *Plaintiffs' claims are precluded under Michigan law even if the state court did not have jurisdiction over plaintiffs' federal claims.*

■ Plaintiffs do not dispute the above standards for claim preclusion. In fact, plaintiffs conceded at oral argument that count three of the complaint should be precluded under these criteria. Rather, plaintiffs claim that Michigan law also requires that the first court have subject-matter jurisdiction before its judgment is entitled to preclusive effect. Plaintiffs take the position that their federal claims are not precluded because the Muskegon County Circuit Court did not have subject-matter jurisdiction over the federal claims.

Michigan courts are divided on the issue of whether subject-matter jurisdiction is a prerequisite for claim preclusion. In a series of older decisions cited by plaintiffs, the most recent of which was decided in 1949, the Michigan Supreme Court has held that for a decision to have preclusive effect the first deciding court must have had jurisdiction over the claim at issue. *See e.g. Zak v. Gray,* 324 Mich. 522, 37 N.W.2d 550, 551 (1949) (earlier decision did not preclude later contract suit between same parties over property because first court did not have jurisdiction to try title to land nor equitable jurisdiction).

By contrast, more recent decisions cited by defendant dispense with this jurisdictional requirement. In *Curry v. Detroit,* 394 Mich. 327, 231 N.W.2d 57 (1975), for example, the Michigan Supreme Court recited the prerequisites for claim preclusion, but did not mention any jurisdictional requirement. Similarly, federal courts applying Michigan law have found that earlier state court judgments preclude federal claims on the same matter, even if the state court did not have jurisdiction over the federal claim. *See Fellowship of Christ Church v. Thorburn,* 758 F.2d 1140 (6th Cir.1985) (section 1983 claim precluded); *Quick v. General Motors Corp. Saginaw Steering Gear Div.,* 686 F.Supp. 1224 (E.D.Mich.1988) (discrimination claims precluded); and *Falk v. State Bar of Michigan,* 631 F.Supp. 1515 (W.D.Mich.1986) (Hillman, J.) (section 1983 action precluded). This court summed up the rationale for preclusion in *Falk:* "Plaintiff should not be allowed to hale defendant into a second court simply because the first court in which he chose to sue defendant could not consider all the various theories of recovery arising from his single cause of action." *Id.* at 1521.

For several reasons, I believe these later decisions better reflect Michigan law. First, the pre-1950 cases relied on by plaintiff do not discuss the question of federal subject-matter jurisdiction at issue here. They merely recite that a court must have jurisdiction before its decision has preclusive effect, without analysis. The cases cited by plaintiff involve first decisions by circuit court commissioners who lacked equitable jurisdiction to fashion certain remedies. It is those decisions which are denied preclusive effect, rather than the full decisions on the merits by state courts, which are at issue here.

Second, allowing broad preclusive effect of prior state court judgments best upholds the policies behind the preclusion doctrine. In *Rogers v. Colonial Federal Savings & Loan Ass'n, supra,* the Michigan Supreme Court noted that preservation of judicial resources and finality are the primary purposes of the doctrine of res judicata. Both of those goals are squandered by allowing plaintiffs two opportunities to sue over the same issue, once in state court and then again in federal court. Defendants' interest in repose militates against this excessive litigation. Similarly, the cost to both the court and the parties is not warranted if the issues raised in the second lawsuit have already been decided.

Third, the more recent decisions conform with the broad reading of the "same matter in issue" standard adopted by the Michigan Supreme Court. Those cases held that a decision had preclusive effect if plaintiff "could have brought the later claims in the earlier action," even if plaintiff did not bring the claims in the earlier action. Here, plaintiff could have first filed all his claims in federal court, with the state claims tried under pendent jurisdiction.

Fourth, circumstances might arise in which the differences between state and federal claims would significantly affect the incentives of the parties such that jurisdictional barriers would make preclusion inappropriate. This is not such a case. Plaintiffs were aware of the facts on which their federal claims are based at the time of their trial in state court. Plaintiffs had a full and fair opportunity to raise these facts in the state court trial and to alter their legal theories accordingly. Plaintiffs could even have asserted their federal causes of action in that case and sought removal to federal court. They did none of these things, and as a result, I conclude that their claims should be barred by the doctrine of claim preclusion.

For all of these reasons, the prior decision of the state courts acts as a bar to the federal claims raised in this lawsuit. Those claims are dismissed on grounds of claim preclusion.

### C. *The Michigan state court had jurisdiction over plaintiff's RICO and fiduciary duty claims.*

Before concluding this discussion of claim preclusion, I would add that, even if a jurisdictional requirement existed, plaintiff's breach of fiduciary duty and RICO claims would still be precluded because the state court does have jurisdiction over those claims. Plaintiffs' breach of fiduciary duty claim is a state law tort, over which the Muskegon County Circuit Court has jurisdiction. Similarly, the state court also had concurrent jurisdiction over plaintiff's RICO claims, *see Tafflin v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), and could have decided those claims had the theories been raised in the first action. The Sixth Circuit recently dismissed a RICO cause of action based on claim preclusion in a similar situation. *See Palmer v. Nationwide Mut. Ins. Co.,* 945 F.2d 1371, 1376 (6th Cir.1991). Thus, even with a jurisdictional prerequisite for claim preclusion, both the RICO and fiduciary duty claims would be precluded.

### D. *Plaintiffs' federal securities claims are also barred by issue preclusion.*

Finally, plaintiffs' federal securities claims are also barred by issue preclusion (also known as collateral estoppel). Michigan law prevents relitigation of an issue from a prior proceeding where that issue was actually litigated and necessarily determined. *See People v. Gates,* 434 Mich. 146, 154, 452 N.W.2d 627, 630 (1990).

In the instant case, the parties fully litigated and the jury necessarily determined that defendants' actions in providing investment advice to the Kaufmans were not a proximate cause of their damages. The Kaufmans had a full incentive in the state court case to prove that Seidman and Fles' behavior proximately caused damage to them and they attempted to do so. The jury found against them on this issue. The jury verdict stated that defendants' professional negligence was not a proximate cause of any damage to the Kaufmans. Proximate cause is an essential element of plaintiffs' federal securities claim. Since

the issue has already been decided unfavorably to the Kaufmans in the state court, Michigan law precludes plaintiffs from relitigating the issue in a federal securities action.

## CONCLUSION

In summary, defendants' first motion for summary judgment is granted and all counts of plaintiffs' claims are dismissed. All three counts of plaintiffs' amended complaint are precluded by the prior decision of the Muskegon County Circuit Court.