CRAIG v. BLACK.

1. VENDOR AND PURCHASER—VENDEE TAKES EQUITABLE TITLE SUBJECT TO VENDOR'S LIEN—EQUITY.
   When land is sold on contract, the purchaser takes the equitable title subject to the vendor's lien thereon, and enforcement of such vendor's lien is peculiarly within cognizance of equity courts.

2. JUDGMENT—RES JUDICATA—EQUITY JURISDICTION—VENDOR AND PURCHASER—FORECLOSURE—IRREGULARITY.
   Where, in suit to foreclose land contract, the court had jurisdiction of the subject-matter and of the parties, bill in equity will not lie to set aside the judicial sale for irregularity.

3. VENDOR AND PURCHASER—MORTGAGES—FORECLOSURE.
   3 Comp. Laws 1915, § 12677, and Circuit Court Rule No. 58, § 5, applicable to foreclosure of mortgages, have no application to foreclosure of land contracts.

4. SAME—ESTOPPEL—LACHES—LIMITATION OF ACTIONS.
   Where more than 11 years elapsed after sale of land under decree of foreclosure of land contract in court of equity before suit was instituted to set sale aside for irregularities, and in the meantime valuable improvements have been made on premises, plaintiffs are guilty of laches estopping them from insisting on relief prayed for, and relief is also barred by statute of limitations (3· Comp. Laws 1915, § 12311).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted February 17, 1930. (Docket No. 9, Calendar No. 34,674.) Decided March 6, 1930.

Bill by Donaldson Craig against William J. Black and others to set aside a foreclosure of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Robert M. Dalton,* for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell* (*Arthur F. Neef,* of counsel), for defendants Pankow.

*Frank I. Kennedy,* for defendant Prudential Life Insurance Company.

*Abbott & Coulter,* for defendant The Maccabees.

POTTER, J. September 8, 1916, Freeman W. Wilcox purchased on land contract paying down $2,750—

"All that certain piece or parcel of land lying and being situated in the village of St. Clair Heights, county of Wayne and State of Michigan, and more particularly known and described as lot 120, south twenty-five (25) feet of lot 121, and lot 122, and north five (5) feet of lot 121 of the Strassburg Sub. in the said village of St. Clair Heights, county of Wayne, Michigan, making 123 feet on Warren avenue and 90 feet on Garland avenue."

November 28, 1916, William J. Black and Frank E. W. Bright filed a bill in equity to foreclose the land contract. December 14, 1916, defendant Freeman W. Wilcox entered his appearance. February 28, 1917, a decree of foreclosure was entered providing for sale of the premises. May 4, 1917, the premises were sold. February 7, 1929, the bill of complaint herein was filed to set aside the decree of foreclosure of the land contract, the sale had in pursuance of such decree, to reinstate the land contract, and to set aside subsequent deeds, conveyances, and incumbrances upon the land above de-

scribed. Defendants moved to dismiss the bill of
complaint upon the grounds of laches, former ad-
judication, and want of equity. From an order dis-
missing the bill of complaint, plaintiff appeals.

"The rights of mortgagor and mortgagee differ
from those of vendor and vendee. The mortgagor
holds the fee; the mortgagee has a lien. The vendor
holds the fee; the vendee has an equitable interest."
*Cady* v. *Taggart,* 223 Mich. 191.

"The vendee gets the equitable title, but the legal
title still remains in the vendor, and is held as secu-
rity for the payment of the purchase price." *Hooper*
v. *Van Husan,* 105 Mich. 592; 39 Cyc. p. 1302.

"There is a plain distinction between the lien of
the grantor after a conveyance, and the interest of
the vendor before conveyance. The former is not a
legal estate, but is a mere equitable charge on the
land; it is not even, in strictness, an equitable lien
until declared and established by judicial decree."
3 Pomeroy's Eq. Jur. (2d. Ed.), § 1260; *Jones* v.
*Bowling,* 117 Mich. 288.

When land is sold on a contract, the purchaser
takes the equitable title subject to the vendor's lien
thereon. The enforcement of such vendor's lien is
peculiarly within the cognizance of equity courts.
*Field* v. *Ashley,* 79 Mich. 231; *Walker* v. *Casgrain,*
101 Mich. 604; *Cady* v. *Taggart,* 223 Mich. 191.

The bill filed herein indicates the court on fore-
closure of the land contract had jurisdiction of the
subject-matter and of the parties. A bill in equity
will not lie to set aside a judicial sale for irregu-
larity.

"Chancellor Kent said in *Shottenkirk* v. *Wheeler,*
3 J. C. R. 280, that there was no case in which equity
had undertaken to question a judgment for irregu-
larity. Every court has power to control its own
process in such a way as to prevent the abuse of it"

(*Cavenaugh* v. *Jakeway,* Walk. Ch. 344); not to quiet title against an irregular judicial sale (*Rhode* v. *Hassler,* 113 Mich. 56); nor may an irregular sale be attacked by an action of ejectment (*Hoffman* v. *Bushman,* 95 Mich. 538), the reason being that the original decree was an adjudication that it was not itself irregular.

"A former adjudication of the right of action, where the court had jurisdiction of the subject-matter and of the parties, is unquestionably a bar to an action for the same debt or claim, and is conclusive where the same subject-matter is sought to be again litigated, no matter how, between the same parties. In such case it is no answer to say, 'There were questions which were not raised or litigated.' It is enough if they might have been raised and litigated." *Bond* v. *Markstrum,* 102 Mich. 11.

The bill filed will not lie to impeach the decree attacked.

The sale on foreclosure of the land contract is attacked because made in less than six months after filing the bill to foreclose the land contract and because there was not six months' equity of redemption after sale given by the decree. It may be conceded that were this the foreclosure of a mortgage, it would be irregular, but the statute and rule relied upon, 3 Comp. Laws 1915, § 12677; Circuit Court Rule No. 58, § 5, have no application to the foreclosure of land contracts. *Jones* v. *Bowling,* 117 Mich. 288; *City Lumber Co.* v. *Hollands,* 181 Mich. 531; *Cady* v. *Taggart,* 223 Mich. 191; *Drysdale* v. *P. J. Christy Land Co.,* 248 Mich. 184.

The bill filed describes the land. It does not affirmatively appear by the bill of complaint that it should have been sold in separate parcels. The sale is attacked because it is claimed that the necessary

notices were not posted. The bill of complaint alleges that the sale was made May 4, 1917. The bill of complaint herein was filed February 7, 1929. More than 11 years elapsed between the sale attacked and the filing of the bill. Plaintiff stands in the position of his grantors or vendors. He is bound by any equities which defendants have against the contract purchaser in the contract foreclosed. They cannot stand by and see valuable improvements made upon the premises, and then, after they are completed, seek to obtain the benefit thereof in a court of equity. It was their duty to act promptly.

Under the facts in this case, we think plaintiffs not only guilty of laches, but that they are estopped from insisting upon the relief prayed in this case, and that they are barred by the statute of limitations, 3 Comp. Laws 1915, § 12311, from maintaining this suit. The decree of the trial court is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, FEAD, and NORTH, JJ., concurred.