**Allan FALK, Plaintiff,**

v.

**STATE BAR OF MICHIGAN, Defendant.**

**No. G 84–1405 CA.**

United States District Court, W.D. Michigan, S.D.

April 10, 1986.

Allan Falk, in pro. per.

Bushnell, Gage, Doctoroff & Reizen by John K. Parker, Southfield, Mich., for defendant.

### OPINION RE MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

HILLMAN, District Judge.

This matter is before the court on defendant's motion to dismiss, or in the alternative, for summary judgment. Plaintiff is Allan Falk, a licensed Michigan attorney. Defendant is the State Bar of Michigan. Plaintiff brings suit under 42 U.S.C. § 1983 [1] for deprivation of his rights under the First Amendment to the United States Constitution. Specifically, plaintiff alleges that the State Bar of Michigan uses mandatory bar dues received pursuant to Michigan law in violation of plaintiff's rights under the First Amendment.[2]

Defendant's motion to dismiss or, in the alternative, for summary judgment presents a compendium of the law of federal civil procedure and jurisdiction. First, defendant moves to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Specifically, defendant maintains that: (1) no "case or controversy" within the meaning of Article III of the Constitution exists; (2) the Eleventh Amendment to the Constitution bars plaintiff's suit; or (3) plaintiff seeks review of a judgment rendered by the Michigan Supreme Court. Second, defendant moves to dismiss under Fed.R.Civ.P. 19(b) or, in the

---

1. The actual jurisdictional bases for plaintiff's lawsuit in this court are 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff actually claims a deprivation of his rights under the due process clause of the Fourteenth Amendment to the Constitution. Through the due process clause of the Fourteenth Amendment, First Amendment liberties are made applicable to the states. *E.g., Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). I shall refer only to the First Amendment for the sake of clarity.

alternative, to join the individual Justices of the Michigan Supreme Court under Fed. R.Civ.P. 19(a). Third, defendant moves to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Specifically, defendant asserts that: (1) the State Bar of Michigan is not a "person" within the meaning of 42 U.S.C. § 1983; and (2) the State Bar of Michigan enjoys absolute immunity from suit. Fourth, defendant moves to dismiss on the basis of the doctrines of *res judicata*, collateral estoppel, and laches. Fifth, defendant moves for summary judgment, pursuant to Fed.R.Civ.P. 56(b).

After carefully considering all of defendant's contentions, reviewing the parties' briefs, and hearing oral argument from the parties, I conclude that the prior judgment by the Michigan Supreme Court in a lawsuit between these same parties bars this action. Accordingly, the following discussion only concerns defendant's motion to dismiss on the basis of *res judicata* or claim preclusion.[3]

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's current action arises from a long-standing challenge by plaintiff to particular uses of mandatory fees by the State Bar of Michigan. Plaintiff originally challenged the practices of the State Bar through a "Petition for Special Relief" filed in the Michigan Supreme Court on November 30, 1977. In that petition, plaintiff complained that the State Bar of Michigan used his mandatory bar dues in violation of the First Amendment to the United States Constitution. The Michigan Supreme Court treated plaintiff's petition as a complaint for a writ of superintending control over the State Bar of Michigan, within the original jurisdiction of the Court. *Falk v. State Bar of Michigan*, 411 Mich. 63, 85–86, 305 N.W.2d 201, 202–03 (1981) (Ryan, J., concurring) [hereinafter cited as *Falk I*]. Subsequently, the Michigan court issued two *per curiam* opinions along with a collection of concurring opinions. *Falk I*; *Falk v. State Bar of Michigan*, 418 Mich. 270, 342 N.W.2d 504 (1983) (*per curiam*) [hereinafter cited as *Falk II*].

In *Falk I*, the Michigan Supreme Court appointed the Honorable James H. Lincoln to conduct an evidentiary hearing.[4] The Court ordered that at that hearing before Judge Lincoln "the parties shall further develop the record with regard to the following bar activities: the Young Lawyers Section and Lawyers Wives, the Lawyer Placement Service, the commercial sale of the bar's mailing list, and bar activities addressed to influencing legislation." *Falk I*, 411 Mich. at 83, 305 N.W.2d at 201. Judge Lincoln conducted hearings for 12 days between August 24, 1981, and December 18, 1981. After receiving Judge Lincoln's report, the Michigan Supreme Court, on December 29, 1983, issued its second *per curiam* opinion and dismissed plaintiff's petition. *Falk II*, 418 Mich. at 277, 342 N.W.2d at 504. Plaintiff then sought review by the United States Supreme Court under 28 U.S.C. § 1257(2). The United States Supreme Court dismissed the appeal for lack of jurisdiction under 28 U.S.C. § 1257(2) and, treating the appeal as a petition for writ of certiorari, denied certiorari.[5] I refer anyone interested in further

---

**3.** I assume, without finding, that this court has subject matter jurisdiction to hear this action.

**4.** This hearing before Judge Lincoln followed a prior hearing held on June 5 and 6, 1978, pursuant to the Michigan court's order. The Michigan Supreme Court appointed the Honorable Maurice E. Schoenberger to conduct that 1978 hearing. Judge Schoenberger filed a report with the Michigan Supreme Court after the completion of that hearing.

**5.** *Falk v. State Bar of Michigan*, —— U.S. ——, 105 S.Ct. 315, 83 L.Ed.2d 253 (1984). Plaintiff suggests that the United States Supreme Court

dismissed his appeal under 28 U.S.C. § 1257(2) for lack of jurisdiction because the Court found that the Michigan Supreme Court ruled upon "an independent State law ground" in *Falk II*. Plaintiff's position is untenable for two reasons. First, in no opinion did the Michigan Supreme Court indicate that it considered or disposed of plaintiff's petition on an independent state ground. Second, 28 U.S.C. § 1257(2) only concerns challenges to state statutes and regulations and not challenges to lawless exercise of authority under state statutes and rules. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 562–63 n. 4, 100 S.Ct. 2814, 2819–20 n. 4, 65 L.Ed.2d 973 (1980) (Burger, C.J., plurality opin-

explanation of the factual and procedural circumstances of plaintiff's petition to *Falk I*, 411 Mich. at 84–90, 305 N.W.2d at 202–05 (Ryan, J., concurring), and *Falk II*, 418 Mich. at 277–80, 342 N.W.2d at 504–06 (Boyle, J., concurring).

In this court, plaintiff claims that the State Bar of Michigan used mandatory bar fees to finance political lobbying efforts, "ideological activity," "activities . . . to promote the economic interests of a portion of its membership," and "private interest activities" in violation of the First Amendment to the Constitution. Plaintiff seeks monetary and injunctive relief under 42 U.S.C. § 1983. In addition, plaintiff seeks a declaratory judgment that defendant's conduct violates the First Amendment, pursuant to 28 U.S.C. § 2201.

## DISCUSSION

Under the doctrine of claim preclusion,[6] "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6, 102 S.Ct. 1883, 1890 n. 6, 72 L.Ed.2d 262 (1982). Claim preclusion, therefore, operates to "relieve parties of the cost and vexation of multiple lawsuits, [to] conserve judicial resources, and, by preventing inconsistent decisions, [to] encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Here, relying upon the doctrine of claim preclusion, defendant moves to dismiss this action on the basis of plaintiff's prior action against defendant in the Michigan Supreme Court.[7]

■ Section 1983 actions in federal court are not immune from the preclusive effect of prior state court judgments. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Furthermore, "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* at 81, 104 S.Ct. at 896. Consequently, this court must give the prior judgment of the Michigan Supreme Court in *Falk II* the same preclusive effect as Michigan courts would give that judgment.

### A. *Claim Preclusion Under Michigan Law.*

Michigan courts follow the standard rule of claim preclusion. Specifically, under Michigan law, claim preclusion requires three prerequisites: (1) the prior action resulted in a decision "on the merits;" (2) the second action concerns the "same matter in issue" as the first action; and (3) both actions involve the same parties or their privies. *E.g., Curry v. City of Detroit*, 394 Mich. 327, 231 N.W.2d 57 (1975); *Eliason Corp. v. Bureau of Safety and Regulation of the Michigan Department of Labor*, 564 F.Supp. 1298 (W.D.Mich.1983).

■ (1) *On the Merits.*—After two evidentiary hearings, more than six years of consideration, and several lengthy opinions, did the Michigan Supreme Court adjudicate plaintiff's petition for special relief "on the merits"? Under Michigan law, an adjudication is clearly "on the merits" when "based upon findings of facts following an extensive bench trial." *Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1145 (6th Cir.1985) (applying Michigan law). When not undertaken merely as a house-

---

ion). Consequently, plaintiff improperly brought his appeal, which challenged allegedly unlawful acts, under 28 U.S.C. § 1257(2).

**6.** Throughout the remainder of this opinion, I shall use the term "claim preclusion" in place of the term *res judicata.* The term claim preclusion is more precise in meaning than the term *res judicata. See generally Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

**7.** The doctrine of claim preclusion is an affirmative defense and is not listed among the defenses that may be raised by a motion to dismiss under Fed.R.Civ.P. 12(b). Nonetheless, federal courts allow defendants to move for dismissal on the basis of *res judicata. See, e.g., Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227–28 (6th Cir.1981); *Diaz-Buxo v. Trias Monge*, 593 F.2d 153, 154–55 (1st Cir.1979).

cleaning device, a dismissal for "no-progress" also constitutes a judgment on the merits. *Eliason Corp.*, 564 F.Supp. at 1301–02. On the other hand, a dismissal based upon a motion for accelerated judgment is not a decision on the merits under Michigan law. *County of San Joaquin, California v. Dewey*, 105 Mich.App. 122, 306 N.W.2d 418, 421–22 (1981). These preceding statements of Michigan law, unfortunately, provide little direction in this case. In dismissing plaintiff's petition for special relief, the Michigan Supreme Court failed to specify the basis for its dismissal.

In its second *per curiam* opinion, the Michigan Supreme Court stated that plaintiff was not entitled to the relief he sought in his petition for special relief. Consequently, the Michigan court dismissed plaintiff's petition. In a judgment entered on the date of the issuance of the second *per curiam* opinion, the Michigan Supreme Court further explained its dismissal.

> "This cause having been brought to this Court by petition for superintending control and having been argued by counsel and due deliberation had thereon by the Court, IT IS HEREBY ORDERED that the petition is DISMISSED."

Although the question is certainly a close one under Michigan law, I believe that the prior judgment of the Michigan Supreme Court dismissing plaintiff's petition was "on the merits" for the following reasons.

First, the Michigan Court Rules, specifically MCR 2.504(B)(3), classify the prior dismissal by the Michigan Supreme Court as an adjudication on the merits. "In Michigan, the Supreme Court has the authority to adopt rules of procedure for all courts of record in the state." *Wilkie v. Schwan's Sales Enterprises, Inc.*, 541 F.Supp. 1193, 1197 (W.D.Mich.1982). *See also* Mich. Const. of 1963, Art. VI, § 5. Therefore, those rules should inform this court's decision concerning Michigan law. *See Wilkie*, 541 F.Supp. at 1197.

MCR 2.504(B)(3) states that:

> "Unless the court otherwise specifies in its order of dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits."

Under this rule, a dismissal, "unless the court otherwise specifies," generally operates as "an adjudication on the merits." *See Wilkie*, 541 F.Supp. at 1196 (stating the rule of GCR 1963, 504.2, the predecessor to MCR 2.504(B)(3)); *Strachan v. Mutual Aid and Neighborhood Club, Inc.*, 81 Mich.App. 165, 265 N.W.2d 66, 72 (1978) (Mahinske, J., dissenting (interpreting GCR 1963, 504.2, the predecessor to MCR 2.504(B)(3)).[8]

Here, the prior dismissal by the Michigan Supreme Court did not "otherwise specify" the type of dismissal entered, i.e., without prejudice, or with prejudice and on the merits. In addition, the prior dismissal by the Michigan Supreme Court does not fit within the two exceptions to the rule of MCR 2.504(B)(3). First, the Michigan court clearly did not dismiss plaintiff's petition for "failure to join a party under MCR 2.205." Second, the judgment reflects that the Michigan court did not dismiss the petition for lack of jurisdiction. Although Justices Levin and Kavanagh found the state proceedings "more in the nature of a rule-making proceeding than a lawsuit," *Falk I*, 411 Mich. at 166 n. 1, 305 N.W.2d at 241 n. 1 (Levin, J., concurring), the court's judgment stated that "[t]his cause ... having been argued by counsel and due deliberation had thereon by the Court, IT IS HEREBY ORDERED that the petition is DISMISSED." If the Michigan Supreme Court "had due deliberation" on the petition, then the dismissal implicitly was not for lack of jurisdiction. Furthermore, five Justices of the Michigan court explicitly found that the court possessed jurisdiction over plaintiff's petition. *Falk II*, 418 Mich. at 278–79, 342 N.W.2d at 505.[9] Conse-

---

**8.** *See also* Honigman and Hawkins, *Michigan Court Rules Annotated*, GCR 1963, 504.2, at 334–335.

**9.** The rule of *Michigan Oil Co. v. Department of Natural Resources*, 148 Mich.App. 745, 384 N.W.2d 777 (1985), is inapplicable to this case. In *Michigan Oil*, the Michigan Court of Appeals stated that " 'it is the judgment entered ... which

quently, under MCR 2.504(B)(3) the prior dismissal by the Michigan Supreme Court operates as an adjudication "on the merits."

Second, the language of the prior opinion and judgment by the Michigan Supreme Court suggests that the prior decision was "on the merits." The Michigan court, in its unanimous *per curiam* opinion in *Falk II*, found that plaintiff was not entitled to the relief he sought in his petition. In his petition for special relief, plaintiff sought a declaration that the practices of the State Bar of Michigan violated the First Amendment to the Constitution and, consequently, a reduction in his mandatory bar fees. Petition for Special Relief at ¶ 1(g), *Falk v. State Bar of Michigan*, 418 Mich. 270, 342 N.W.2d 504 (1983).[10] In its judgment dismissing plaintiff's petition, the Michigan court stated that it *deliberated* on plaintiff's petition and counsel's arguments. Reading the unanimous second *per curiam* opinion in conjunction with the judgment, therefore, reveals that the Michigan Supreme Court found plaintiff not entitled to the relief he sought only after it had considered several thousand pages of transcript from two evidentiary hearings, the reports of two special fact-finders, and the oral arguments and written briefs of counsel. Under these circumstances, I am convinced a Michigan court would be compelled to hold that the prior judgment by

the Michigan Supreme Court was "on the merits."

(2) *Same Matter in Issue*—The second prerequisite to claim preclusion under Michigan law is that the second action raise the same matter in issue as the first action. In other words, the second action must involve issues that were litigated or could have been litigated in the prior action. *Eliason Corp.*, 564 F.Supp. at 1302.[11]

As in this action, the controversy in the prior state litigation centered around the constitutionality of certain practices of the State Bar of Michigan. Specifically, in both lawsuits, the plaintiff asserts that particular programs and expenditures by the State Bar, which are financed by mandatory dues, violate his rights under the First Amendment to the Constitution. Except for now discontinued practices and programs, plaintiff's petition for special relief and complaint under section 1983 attack the identical practices of the State Bar of Michigan. The transactions that gave rise to the state suit, that is, the allegedly unconstitutional practices by the State Bar, also gave rise to plaintiff's federal action in this court. Consequently, under Michigan law, plaintiff's section 1983 action in this court and petition for special relief before the Michigan Supreme Court involve the "same matter in issue." *See Gose v. Monroe Auto Equipment Co.*, 409 Mich. 147, 160–62, 294 N.W.2d 165, 167–68 (1980)

concludes the parties, and that the parties are not bound by opinions and statements of the court seeking to define the extent to which such judgment shall prejudice the rights of the parties in other actions.' " *Id.* at 6 (quoting *Jackson v. Consumers Power Co.*, 312 Mich. 437, 451, 20 N.W.2d 265, 269 (1945)). The statements by the Michigan Supreme Court justices in their concurring opinions regarding the court's jurisdiction to hear plaintiff's petition are not statements "seeking to define the extent to which such judgment shall prejudice the rights of the parties in other actions."

**10.** For a less ambiguous statement of the relief he sought in his petition, see Petitioner's Brief of May 15, 1979, at 55, *Falk v. State Bar of Michigan*, 418 Mich. 270, 342 N.W.2d 504 (1983).

**11.** Several cases have stated the second prerequisite in the following manner: "the same matter contested in the second action must have

been decided in the first." *Ward v. DAIIE*, 115 Mich.App. 30, 37, 320 N.W.2d 280, 284 (1982). In applying the second prerequisite, such cases as *Ward* only require that the first action *concern* the same matter in issue. *Id.* The doctrine of *res judicata* or claim preclusion clearly does not require that the prior case *resolve* a particular issue before precluding a subsequent action. *See, e.g., Hlady v. Wolverine Bolt Co.*, 393 Mich. 368, 224 N.W.2d 856, 859 (1975) (quoting *Jones v. Chambers*, 353 Mich. 674, 91 N.W.2d 889 (1958); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4406. The doctrine of issue preclusion or collateral estoppel governs the situation where a prior action resolved a particular issue. *See, e.g., Migra*, 465 U.S. at 77 n. 1, 104 S.Ct. at 894 n. 1; *Senior Accountants, Analysts and Appraisers Assoc. v. City of Detroit*, 399 Mich. 449, 249 N.W.2d 121 (1976).

(holding that Michigan law supports the broad, transactional approach to *res judicata*).

Two arguments arguably militate against the conclusion that the state proceeding and this action concern the same matter in issue. First, in the state proceeding, plaintiff sought slightly different relief than the relief he seeks from this court. In this case, plaintiff seeks monetary, declaratory, and injunctive relief. In his petition for special relief, plaintiff sought an injunction or declaration by the Michigan court against the allegedly unconstitutional practices of the State Bar and, consequently, a reduction in his mandatory bar fees.[12] Nonetheless, any distinction in relief sought is "immaterial, inasmuch as the two cases still involve 'the same matter in issue.'" *Eliason Corp.*, 564 F.Supp. at 1303.

Second, plaintiff argues that claim preclusion is inapplicable to the current action because plaintiff could not have brought his section 1983 action originally in the Michigan Supreme Court along with his petition for special relief. Plaintiff cites *Craig v. Black*, 249 Mich. 485, 229 N.W. 411 (1930), to support his position.[13] In *Craig*, 249 Mich. at 488, 229 N.W. 411, the Michigan Supreme Court quoting from *Bond v. Markstrum*, 102 Mich. 11, 60 N.W. 282 (1894), held that a former adjudication operates as a bar "'where the same *subject-matter* is sought to be again litigated, *no matter how*, between the same parties.'" (emphasis added). *Craig*, contrary to plaintiff's position, supports the proposition that a party cannot avoid the effects of claim preclusion by suing on the same subject-matter and simply changing the theory of the litigation.

The Michigan circuit courts and not the Michigan Supreme Court possess original jurisdiction over "ordinary" lawsuits alleging tortious conduct and violations of constitutional rights. *Falk I*, 411 Mich. at 166 n. 1, 305 N.W.2d at 241 n. 1 (Levin, J.,

concurring). Nonetheless, the "claims" involved in the state proceeding and this court are the same for purposes of claim preclusion. In both lawsuits, plaintiff challenges the same practices by the State Bar as unconstitutional under the First Amendment to the United States Constitution. Plaintiff cannot avoid the preclusive effect of claim preclusion by seeking redress in a court of limited original jurisdiction and, then, contending that the first court could not have heard alternative theories arising from the same cause of action. The state proceeding and this proceeding both involve the same facts and evidence. The two actions truly arise from one cause of action. *See Gose*, 409 Mich. at 201–02, 294 N.W.2d at 186 (Levin, J., dissenting). Plaintiff should not be allowed to hale defendant into a second court simply because the first court in which he chose to sue defendant could not consider all the various theories of recovery arising from his single cause of action. Consequently, plaintiff's inability to bring a section 1983 action within the original jurisdiction of the Michigan Supreme Court does not affect the conclusion that the two cases involve the same matter in issue.

(3) *Same Parties or their Privies*—It is undisputed that the parties in this case are the same as in the prior action before the Michigan Supreme Court. As in this case, Allan Falk was the plaintiff and the State Bar of Michigan was the defendant.

**B.** *Exceptions to Claim Preclusion.*

Although defendant has established the three traditional prerequisites to the doctrine of claim preclusion under Michigan law, several exceptions to claim preclusion should be examined.

(1) *Defendant's Waiver of the Defense of Claim Preclusion*—Plaintiff argues that defendant has waived its claim preclusion defense by failing to demand that plaintiff join his section 1983 action to his

---

**12.** *See supra* note 10 and accompanying text.

**13.** Plaintiff also cites *Crampton v. 54–A District Judge,* 397 Mich. 489, 245 N.W.2d 28 (1976), to support his position. *Crampton,* however, did

not consider the doctrine of *res judicata* in civil litigation. Instead, *Crampton* concerned the "same transaction" test for claims of double jeopardy by criminal defendants.

original proceeding in the state court. The basis of plaintiff's argument is MCR 2.203(A)(2), which was previously GCR 1963, 203.1. MCR 2.203(A)(2) specifies that "[f]ailure to object in a pleading, by motion, or at a pretrial conference to ... failure to join claims required to be joined constitutes a waiver of the joinder rules, and the judgment shall only merge the claims actually litigated." Plaintiff's reliance on MCR 2.203(A)(2) and its predecessor fails for two reasons.

■ First, as plaintiff himself argues, a section 1983 claim apparently could not have been joined with the petition for special relief brought under the original jurisdiction of the Michigan Supreme Court. Therefore, defendant was under no obligation to object to plaintiff's failure to join the section 1983 claim. Second, MCR 2.203(A)(2) provides that a party's failure to object to its opponent's failure to join claims "does not affect ... the prohibition against relitigation of a claim under a different theory." This case falls precisely within that exception to the waiver rule. Consequently, defendant's failure to object to plaintiff's failure to bring the section 1983 action with his petition for special relief does not constitute a waiver of defendant's claim preclusion defense.

■ (2) *Exceptions to the Defense of Claim Preclusion Under Federal Law* —Federal courts have held that federal law may provide relief from the preclusive effect of claim preclusion under state law. *See Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1143–44 (6th Cir. 1985). In this case, however, any federal exceptions to claim preclusion are inapplicable. Plaintiff " 'freely and without reservation submit[ted] his federal claim for decision by the [Michigan] state court.' " *Id.* at 1143 (quoting *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983)). Furthermore, no evidence exists that the Michigan Supreme Court was unwilling or unable to protect plaintiff's federal rights because of bias, impropriety, or any other improper motive. *Id.* at 1143–44. Finally, plaintiff unquestionably had a full and fair opportunity to litigate his claim before the Michigan Supreme Court. *Id.* at 1144. Consequently, no federal exception to the application of claim preclusion in this case exists.

## SUMMARY

To summarize: the judgment of the Michigan Supreme Court in *Falk II* bars plaintiff's section 1983 action in this court. The prior state court judgment satisfies the three requirements for claim preclusion under Michigan law. Under Michigan law, the prior judgment of the Michigan Supreme Court was on the merits, and involved the same matter in issue and same parties as the current action in this court.

Consequently, defendant's motion to dismiss on the basis of claim preclusion is granted. Since the issues raised in this case affect the public interest, each party shall bear its own costs.