**Napoleon QUICK, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, SAGINAW STEERING GEAR DIVISION, Defendant.**

No. 88–CV–70883–DT.

United States District Court, E.D. Michigan, S.D.

May 24, 1988.

Dennis D. James, Detroit, Mich., for plaintiff.

Richard M. Tuyn, Roy H. Henley, Birmingham, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

On March 4, 1988, Plaintiff filed this action against the Defendant, his former employer, alleging race and age discrimination. Plaintiff, a black male, alleges that the Defendant failed to promote him and instead promoted a white female who was younger than Plaintiff. This allegedly occurred in August, 1984.

Defendant has now moved for summary judgment. Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1985); Fed.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed. 2d 176 (1962); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. denied,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. 242, 106 S.Ct. at 2512, 91 L.Ed.2d 202.

Defendant's motion is based on the principle of res judicata. Defendant asserts that these claims have been addressed by another court and that Plaintiff should be prevented from relitigating this type of claim. The Court notes that there are at least three (3) underlying actions which involve Plaintiff's employment with the Defendant. The Court must endeavor upon a discussion of the facts as presented by the parties.

Plaintiff's employment commenced with the Defendant in 1967. By January 1, 1982, Plaintiff had attained the position of a level 7 supervisor. However, on January 1, 1982, Plaintiff was demoted and, allegedly, forced to accept a reduction in his level of authority and salary. Thereafter, Plaintiff, along with three co-workers, filed an action against the Defendant in Wayne County Circuit Court. *Casman v. General Motors Corp.,* Case No. 83–334–957 (Wayne County, Mich. Nov. 15, 1983) (hereinafter referred to as *"Quick 1"*). This three-count complaint alleged a claim for age discrimination under Michigan's Elliott–Larsen Civil Rights Act, M.C.L.A. § 37.2101 *et seq. Quick 1,* paragraph 15 of the complaint. Plaintiff based this claim on the alleged fact that while he was demoted, younger employees were not.

In August of 1984, a 7th level position became available. Plaintiff alleges that he applied for that position. Electing not to offer Plaintiff the position, Defendant chose a white female who was younger than the Plaintiff. Plaintiff alleges that she did not meet the qualifications necessary for the 7th level position nor did she have the personnel supervisory experience.

On September 30, 1986, Plaintiff filed a complaint in Wayne County Circuit Court. *Quick v. General Motors Corp.*, Case No. 86–629549 (Wayne County, Mich. Sept. 30, 1986) (hereinafter, *"Quick 2"*). Plaintiff alleged that the Defendant's failure to promote him was due to age discrimination in violation of Elliott–Larsen. Plaintiff further charged that the Defendant's decision not to award him the promotion was in retaliation for filing his original case, *Quick 1.*

On July 20, 1987, Plaintiff filed his third complaint against the Defendant. *Quick v. General Motors Corp.*, Case No. 87–717583 (Wayne County, Mich. July 20, 1987) (hereinafter, *"Quick 3"*). The *Quick 3* complaint alleges that the Defendant's failure to promote him was racially motivated. *Quick 3* is based on the Elliott–Larsen provision which created liability for racial discrimination in private employment. The *Quick 3* complaint, however, fails to state what specific acts were discriminatory. Instead, Plaintiff alleged that he was denied several opportunities for advancement. *Quick 3*, paragraph 4 of Plaintiff's complaint.

On July 28, 1986, the parties met relative to settling *Quick 1*. At that meeting, the Plaintiff proposed three (3) alternative demands. At the conclusion of the meeting, parties agreed that Defendant would consider the three (3) demands. After considering the demands, Defendant met with Plaintiff on August 19, 1986. At this meeting, Defendant agreed to the following demand as settlement in this matter:

A demand for $110,000 plus $10,000 in attorney fees in consideration of termination of employment, discontinuance of disability benefits, settlement of all claims against General Motors, including all litigation and administrative complaints.

Plaintiff, however, had a change of heart and refused to go through with the settlement. All of these settlement negotiations and meetings occurred *prior* to Plaintiff's alleged denial of promotion and the filing of *Quick 2* and *Quick 3.*

On or about November 25, 1986, Defendant filed a motion to enforce the settlement agreement. The Defendant proffered the following settlement agreement to Judge Lucille Watts, the presiding state court judge over *Quick 1:*

WHEREAS, the Plaintiff filed his Complaint in the Circuit Court for the County of Wayne, State of Michigan, Case No. 83–334957–CZ, against General Motors Corporation, alleging employment discrimination, breach of contract and other violations of law, *and also has pending a workers' compensation claim and claims of discrimination with the EEOC and Michigan Department of Civil Rights.*

WHEREAS, *the parties have now agreed* to compromise all their claims and defenses, and *to dismiss the above referenced lawsuits with prejudice* and without costs awarded to any party, and dismiss with prejudice all other remaining claims *including those pending before the EEOC, Michigan Department of Civil Rights* and workers' compensation bureau;

NOW THEREFORE, IN CONSIDERATION of the mutual agreements contained herein, without regard to any other statements, representations or considerations, it is agreed as follows:

1. That Plaintiff and Defendant hereby agree to the dismissal, with prejudice and without costs to any party, of the action known as *Napoleon Quick Jr. v. General Motors Corporation,* Case No. 83–334957–CZ.

2. That Plaintiff and Defendant *agree to a voluntary dismissal with prejudice of any other pending claims including those filed with the EEOC or Michigan Department of Civil Rights.*

\* \* \* \* \* \*

7. That this Settlement Agreement and Full and Final Release of Claims is intended as a full settlement and compromise of each, every and all rights and claims of every kind and nature which Plaintiff has, or may have, against Insurance Company, its officers, directors, shareholders, subsidiaries, agents and

employees and the heirs, executors, administrators, successors and assigns of any one or more of them. No claim, right or cause of action is reserved.

\* \* \* \* \* \*

12. That this Settlement Agreement and Full and Final Release of Claims contains the entire agreement between the parties hereto regarding Case No. 83–334957–CZ in that no other representations, promises or inducements have been made by General Motors Corporation, its officers, agents or employees other than as appear in this statement. The terms hereof are contractual and not mere recitals.

Exhibit E, attached to Defendant's motion for summary judgment, filed *March 28, 1988* (emphasis added). Further, paragraph 6 of this settlement agreement provides as follows:

6. *That Napoleon Quick, Jr., for and in consideration of the sum* of One Hundred Ten Thousand Dollars ($110,000.00) payable to Napoleon Quick Jr., *divided as One Hundred Thousand Dollars ($100,000.00) for the personal injuries allegedly sustained as a result of allegations set forth in Case No. 83–334957–CZ; and Ten Thousand Dollars ($10,000.00) for redemption of the workers' compensation claim;* and the sum of Ten Thousand Dollars ($10,000.00), payable to Gary R. Dettloff and _____ as attorney fees regarding Case No. 83–334957–CZ and the workers' compensation claim, the receipt and sufficiency of which is hereby acknowledged, does for himself, his attorneys, heirs, executors, administrators, successors and assigns, hereby fully, finally and *forever release and discharge General Motors Corporation,* its officers, subsidiaries, agents and employees, including the Metropolitan Life Insurance Company, of and *from all claims, demands, actions, causes of action, EEOC or Michigan Department of Civil Rights* charges, suits, damages, losses and expenses of any and every nature whatsoever, *including, but not limited to,* attorney fees, medical expenses, those claims of intentional infliction of emotional distress, assault, battery, retaliation, negligence, negligent appraisal, harassment, *unlawful discrimination due to age,* breach of contract, *asserted or which may have been asserted by or on behalf of Napoleon Quick Jr., against General Motors Corporation,* its officers, agents, employees, subsidiaries and insurance carriers including the Metropolitan Life Insurance Company, in Case No. 83–334957–CZ, the workers' compensation case or any other matter including Plaintiff's separation from employment with General Motors Corporation, as of the date of the signing of this Settlement Agreement and Full and Final Release of Claims.

Exhibit E (emphasis added). On October 23, 1987, Judge Watts granted the Defendant's motion to enforce the settlement agreement. Exhibit D to Defendant's motion for summary judgment. Judge Watts stated:

General Motors Corporation shall pay Napoleon Quick Jr., One Hundred Ten Thousand ($110,000.00) Dollars plus Ten Thousand ($10,000.00) Dollars in attorney fees in consideration of termination of employment, discontinuance of disability benefits, and settlement of all claims against General Motors, including all litigation and administrative complaints, consistent with the documents attached to Defendant's Motion to Enforce Settlement Agreement dated November 25, 1986.

Apparently, Judge Watts gave her reason in a separate opinion dated September 23, 1987. Neither party has presented to this Court a copy of Judge Watts' September 23, 1987 opinion.

Currently, *Quick 1* is on appeal before the Michigan Court of Appeals. Further, the proceedings in *Quick 2* and *Quick 3* have been stayed pending the resolution of *Quick 1.*

Defendant argues that the judgment in *Quick 1* precludes Plaintiff from filing this claim. The principle of *res judicata* provides that:

[a] judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same course of action.

*Lawlor v. Nat'l Screen Services Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955). A federal court must give the same preclusive effect to a state court judgment under the law of the state where the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

In *Migra, supra,* the Court addressed the claim preclusive effect of a prior state court judgment on the plaintiff's subsequently filed federal claim. Plaintiff originally filed claims asserting breach of employment contract and interference with her employment contract in state court. After judgment was entered, plaintiff filed a claim under 42 U.S.C. § 1983 in federal court. The defendants moved for summary judgment arguing that the issues had been previously litigated in state court and thus the plaintiff was precluded from bringing the federal claim. The district court granted the defendants' motion and the circuit court affirmed. 703 F.2d 564 (6th Cir.1982). The matter was then appealed to the Supreme Court of the United States.

Initially, the *Migra* Court upheld the district court's conclusion that the state court proceedings may preclude the subsequent litigation of the plaintiff's § 1983 claim. 465 U.S. at 84, 104 S.Ct. at 898. As stated by the *Migra* Court:

Any distrust of state courts that would justify a limitation on the preclusive effect of state judgments in § 1983 suits would presumably apply equally to issues that actually were decided in state court as well as those that could have been. If § 1983 created an exception to the general preclusive effect accorded to state-court judgments, such an exception would seem to require similar treatment of both issue preclusion and claim preclusion.

*Id.* 465 U.S. 75, 104 S.Ct. at 897, 79 L.Ed.2d 56. The plaintiff argued that she should be permitted to file her state-law claims in state court and her § 1983 claim in federal court. In denying this argument, the *Migra* Court stated:

Petitioner suggests that to give state-court judgments full issue preclusive effect but not claim preclusive effect would enable litigants to bring their state claims in state court and their federal claims in federal court, thereby taking advantage of the relative expertise of both forums. Although such a division may seem attractive from a plaintiff's perspective, it is not the system established by [28 U.S.C.] § 1738. That statute embodies the view that it is more important to give full faith and credit to state-court judgments than to ensure separate forums for federal and state claims. This reflects a variety of concerns, including notions of comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources.

In the present litigation, petitioner does not claim that the state court would not have adjudicated her federal claims had she presented them in her original suit in state court. Alternatively, petitioner could have obtained a federal forum for her federal claim by litigating it first in a federal court. Section 1983, however, does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims. We hold, therefore, that petitioner's state-court judgment in this litigation has the same claim preclusive effect in federal court that the judgment would have in the Ohio state courts.

*Id.* 465 U.S. at 84–85, 104 S.Ct. at 898 (footnotes omitted). The Court then remanded the matter instructing the district court to determine if state law precluded the plaintiff's subsequent claim. *Id.,* at 87, 104 S.Ct., at 899. But see *Jones v. Sherrill,* 827 F.2d 1102, 1107 (6th Cir.1987) (determination that plaintiff had failed to state a claim for deprivation of constitu-

tional rights should not have *res judicata* effect on possible state tort claims).

This Court must conduct a two (2) step analysis. First, the Court must determine the scope of the settlement agreement. Second, the Court must determine if the agreement would be given preclusive effect under state law.

## I. THE SCOPE

■ Defendant argues that the parties agreed that Plaintiff would discharge all claims against the Defendant in consideration for approximately $120,000. Particularly, the agreement provided that Plaintiff would voluntarily dismiss with prejudice all pending claims before the Equal Employment Commission ("EEOC") and the Michigan Department of Civil Rights ("MDOCR"). Exhibit E, paragraph 2 of the Settlement Agreement. The agreement further provides that Plaintiff would release the Defendant from all claims, EEOC or MDOCR charges against Defendant in *Quick 1*. The Court notes that the parties drafted this agreement prior to the filing of *Quick 2* (age discrimination) and *Quick 3* (sex discrimination). The Order entered by Judge Watts stated that the payment was in consideration of, in part, the settlement of *all* claims against Defendant, including *all* litigation and administrative complaints. This Order was entered *after* the filing of *Quick 2* and *Quick 3*.

After reviewing this matter, the Court concludes that the agreement and Judge Watts' Order included the dismissal of all of Plaintiff's claims relative to his employment with the Defendant. At the time of the negotiations, Plaintiff had filed claims before the EEOC and MDOCR. Although *Quick 2* and *Quick 3* do not arise under the same factual circumstances as *Quick 1*, it is clear that the settlement agreement was intended to cover those matters. Further, the case before this Court is based on the same facts as those alleged in *Quick 2* and *Quick 3*, only this matter asserts violations of federal law. Finally, the Court notes that the settlement agreement makes explicit reference to the discharge of Plain-

tiff's EEOC claim, a precursor to the filing of the matter before this Court.

Based on the above, this Court concludes that the settlement agreement clearly addressed and included the claims before this Court. The Court must now determine if the state court was empowered to accept an agreement which would prevent the filing of this suit.

## II. RES JUDICATA

As this Court noted previously, *Migra* involved the filing of § 1983 action after a state court had determined issues of state law. The *Migra* Court stated that the § 1983 could be dismissed by the federal court on the basis of *res judicata* if the state court would do so. In other words, if the state court would hold that the plaintiff was precluded from filing a subsequent § 1983 claim after the determination on the merits of the plaintiff's state law claims, then a federal court could not address the § 1983 claim. *Id.* 465 U.S. at 84–85, 104 S.Ct. at 898. Thus, in this matter, the Court must determine the preclusive effect the Michigan law would have if Plaintiff had filed this matter in a Michigan court.

Under Michigan law, the doctrine of *res judicata* applies to prevent the filing of a subsequent action, when a previous action has been determined on the merits, involved the same matter in issue, and was between the same parties or privies. *Curry v. City of Detroit*, 394 Mich. 327, 332, 231 N.W.2d 57 (1975). Further:

> The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

*Gursten v. Kenney*, 375 Mich. 330, 335, 134 N.W.2d 764 (1965). The doctrine applies not only to the facts actually litigated, but to points of law necessarily adjudicated in reaching the factual determination. *Hlady v. Wolverine Bolt Co.*, 393 Mich. 368, 374, 224 N.W.2d 856 (1975). See also *Jacobsen*

*v. Miller,* 41 Mich. 90, 1 N.W. 1013 (1879). A party may not avoid *res judicata* by suing on the same subject matter by changing the theory for relief. *Craig v. Black,* 249 Mich. 485, 488, 229 N.W. 411 (1930). See also *Falk v. State Bar of Michigan,* 631 F.Supp. 1515 (W.D.Mich.1986).

■ The first issue for this Court is whether Plaintiff's claim was adjudicated on the merits. In this matter, the issue is whether the enforcement of the settlement agreement was an adjudication on the merits. An adjudication on the merits occurs when there is a finding after a bench trial. *Fellowship of Christ Church v. Thorburn,* 758 F.2d 1140 (6th Cir.1985). Further, *res judicata* is applicable when the matter is dismissed for no progress, so long as it is not used as a mere house-cleaning device by the court. *Eliason Corp. v. Bureau of Safety and Regulation of the Michigan Dept. of Labor,* 564 F.Supp. 1298, 1301–1302 (W.D.Mich.1983). Unless the order of dismissal provides otherwise, Michigan applies *res judicata* to an involuntary dismissal where the plaintiff has failed in a previous action to follow a court order or court rule. *Carter v. Southeastern Michigan Transportation Authority,* 135 Mich.App. 261, 265, 351 N.W.2d 920 (1984) (previously filed federal court action dismissed plaintiff's Title VII action when plaintiff failed to attend pretrial conference and to respond to court's order to address dismissal for lack of progress). Decisions made by administrative agencies have also been held to be a determination on the merits. *Huron Valley Hospital, Inc. v. City of Pontiac,* 612 F.Supp. 654, 659 (E.D.Mich.1985), *affirmed on other grounds,* 792 F.2d 563 (6th Cir.1986), *cert. den., Walker v. Huron Valley Hospital, Inc.,* — U.S. —, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986).

In this matter, the Court finds that Judge Watts' decision was an adjudication on the merits. The parties had entered into a settlement agreement which was later rejected by the Plaintiff. Judge Watts, upon consideration of the motion and briefs filed and after hearing oral argument, held Plaintiff to the settlement demand he had offered the Defendant. See *Huron Valley,* 612 F.Supp. at 659.

■ The next issue is whether Judge Watts' decision addressed the same matter in issue. The Court must determine if the issues raised in this litigation were or could have been raised in the prior action. *Falk,* 631 F.Supp. at 1520. As stated previously, the matter before Judge Watts (*Quick 1*) addressed Plaintiff's demotion. This matter, as well as *Quick 2* and *Quick 3,* addresses issues of whether Plaintiff was improperly denied promotion. Nonetheless, the settlement demand made by Plaintiff in *Quick 1* included the dismissal of discrimination claims and other proceedings commenced with the EEOC and MDOCR. As stated previously, the EEOC claim discussed in the settlement agreement was the matter which was later filed with this Court. The Court finds that although a determination of whether Plaintiff was discriminated against was not the issue before Judge Watts, the disposition of the matter was first offered by the Plaintiff and then subsequently entered and ordered.

The final issue is whether the actions involve both parties. Very simply, they do.

■ Thus, based on the above, this Court should apply the doctrine of *res judicata* to prevent the continuance of this suit. There are, however, defenses to its application. The preclusive effect to a state court judgment will not be upheld where the claimant has not "freely and without reservation submit[ed] his federal claims for decision by the state courts." *Haring v. Prosise,* 462 U.S. 306, 313 n. 7, 103 S.Ct. 2368, 2373 n. 7, 76 L.Ed.2d 595 (1983) (quoting *Montana v. United States,* 440 U.S. 147, 163, 99 S.Ct. 970, 978, 59 L.Ed.2d 210 (1979) (quoting *England v. Medical Examiners,* 375 U.S. 411, 419, 84 S.Ct. 461, 466, 11 L.Ed.2d 440 (1964))); *Thorburn,* 758 F.2d at 1143. This defense, however, is inapplicable to the matter herein. By offering to settle his entire dispute against the Defendant, Plaintiff offered to withdraw *all* of his claims in consideration for a cash

settlement. Thus, Plaintiff put the issue of discrimination, if not directly then indirectly, before the state court. Plaintiff cannot claim that he was surprised when the state court held him to his offer which included the termination of his discrimination claims.

The Court finds the matter similar to the issues before the court in *Brownridge v. Michigan Mutual Insurance Co.,* 115 Mich.App. 745, 321 N.W.2d 798 (1982). In *Brownridge,* the plaintiff originally filed suit in federal court alleging that the defendant discharged her based on her sex. Thereafter, the plaintiff stipulated to dismissal of her federal action. An order was entered accordingly. Subsequently, plaintiff filed a wrongful discharge action in state court. The defendant motioned for accelerated and summary judgment based on *res judicata.* After the state circuit court denied the motion, the defendant appealed. The Michigan Court of Appeals reversed. *Id.* at 751.

Initially, the *Brownridge* Court noted that a voluntary dismissal was a judgment on the merits entitled to *res judicata* application. *Id.* at 748. Further, the court found that the state action involved the same transaction, same parties and same matter in issue that was before the federal court. *Id.* Finally, the plaintiff's claim that the state claims could not have been brought in federal court as pendent claims was also dismissed because, although pendent jurisdiction is discretionary, the plaintiff never afforded the federal judge the opportunity to exercise his discretion. *Id.* at 748–749.[1] See also *Cooper v. Oak Park School District,* 624 F.Supp. 515, 519–520 (E.D.Mich.1986) (*res judicata* applies to bar the plaintiff's Title VII claim where issue of discrimination was raised by plaintiff before the Michigan State Tenure Commission); *Polk v. Yellow Freight System, Inc.,* 801 F.2d 190, 193–195 (6th Cir.1986) (plaintiff's claim for race discrimination under state law precluded in federal court under doctrine of *res judicata* where plaintiff had previously argued in state court that she was wrongfully discharged; however, plaintiff's state claims of retaliatory discharge and intentional infliction of emotional distress did not fall because she did not have an opportunity to fully litigate these issues in the previous matter).

The Court finds that this matter is merely the inverse of *Brownridge, supra.* Plaintiff herein filed his matter in state court initially and then, after the state court's determination, filed his Title VII action with this Court. This Court finds that Plaintiff would be prevented from filing his matter in state court and thus holds that he is precluded from maintaining the matter herein. Therefore, based on the above, Defendant's motion for summary judgment is GRANTED and this matter is

---

1. Initially, the Court notes that this District has issued conflicting decisions regarding the applicability of pendent state claims which arise under Title VII. Compare *Freeman v. Kelvinator, Inc.,* 469 F.Supp. 999, 22 Fair Empl. Prac. Cas. (BNA) 1139 (E.D.Mich.1979) (pendent claims allowed) with *Jong-Yul Lim v. International Institute of Metropolitan Detroit,* 510 F.Supp. 722 (E.D.Mich.1981) (pendent claims not allowed) and *Gerlach v. Michigan Bell Telephone Co.,* 448 F.Supp. 1168 (E.D.Mich.1978) (pendent claims not allowed). Further, there is authority for the proposition that a state court does not have jurisdiction to entertain a Title VII action. *Dickinson v. Chrysler Corp.,* 456 F.Supp. 43 (E.D. Mich.1978). Thus if this Court decided to follow *Jong-Yul Lim, supra* and *Dickinson, supra,* this Court would have to hold that Plaintiff could not assert his Title VII claim in state court nor his state law claims in federal court. If *res judicata* were to apply to the subsequently filed action, Plaintiff would be placed in the inenviable position of deciding whether to file his state law claims in state court and forego his Title VII claim, or to file a Title VII claim in federal court and relinquish his state law claims. While not addressing this issue, the Court finds that such a situation appears contrary to *Alexander v. Gardner-Denver,* 415 U.S. 36, 48–49, 94 S.Ct. 1011, 1020, 39 L.Ed.2d 147 (1974) ("The clear inference is that Title VII was designed to supplant, rather supplement existing laws and institutions relating to employment discrimination."). The Court notes that the Sixth Circuit Court of Appeals has declined to rule on the issue of whether federal courts have exclusive jurisdiction over Title VII claims. *Fox v. Eaton Corp.,* 615 F.2d 716, 719 n. 7 (6th Cir.1980). The Court concludes that it need not address this issue because (1) it has not been raised, and (2) Plaintiff's settlement offer and agreement explicitly stated that upon the receipt of monetary consideration he would dismiss his EEOC claim.

DISMISSED.[2]

IT IS SO ORDERED.

---

2. Plaintiff's attorneys have filed a motion to withdraw as counsel. They assert that Plaintiff misrepresented to them the existence of the previous lawsuits. In that this Court has held that Plaintiff's claims are barred as a matter of law by the doctrine of *res judicata,* the withdrawal of counsel and the substitution of new counsel would be irrelevant. Therefore, the motion to withdraw is DENIED in that the matter is dismissed and thus is moot.